

**FILED**
**Feb 26, 2026**
**02:29 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| **Timothy W. Pinkham,** | ) | **Docket No.: 2025-10-5344** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Davis Enterprises of Tennessee, LLC,** | ) | **State File No.: 59160-2025** |
| **Employer,** | ) | |
| **And** | ) | |
| **Acuity A Mutual Insurance Company,** | ) | **Judge Audrey Headrick** |
| **Carrier.** | ) | |
| | ) | |

## EXPEDITED HEARING ORDER
### *(DECISION ON THE RECORD)*

Mr. Pinkham requested benefits that Davis Enterprises denied based on lack of medical causation. For the reasons below, the Court holds Mr. Pinkham is not entitled to the requested benefits.

## Claim History

On August 9, 2025, Mr. Pinkham alleged he "felt a pull on the right side of his neck and his shoulder" while climbing into his truck.

Mr. Pinkham selected orthopedist Dr. Rickey Hutcheson from a panel. Dr. Hutcheson determined that Mr. Pinkham's significant cervical spondylosis was not work-related and diagnosed a degenerative labral tear.

Dr. Hutcheson responded to two medical questionnaires. In the first, he checked that "the 8/9/2025 claimed mechanism of injury [sic] not 50% or more the cause of his need for treatment for his right shoulder." In the second, Dr. Hutcheson explained that Mr. Pinkham routinely pulled himself into his truck many times before the incident, and he described no specific injury. Dr. Hutcheson also stated Mr. Pinkham's weight contributed to his condition, and the "para labral cyst [present on the MRI] is indicative of a non-acute injury."

1

In his affidavit, Mr. Pinkham stated Dr. Hutcheson told him he would not perform any surgery because "the tears were not over 50%," and he had nothing further to offer him. He also said he has no use of his right arm and suffers from nonstop pain.[1]

Mr. Pinkham requested a second opinion on surgery, and he asked that the Court appoint a neutral physician to examine him and address causation. He stated he had no problems either with his shoulder or performing work activities before the injury.

Davis Enterprises objected to Mr. Pinkham's requests and relied on Dr. Hutcheson's causation opinion.

### Findings of Fact and Conclusions of Law

Mr. Pinkham must offer sufficient evidence to show he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2025); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015);.

The threshold issue is whether Mr. Pinkham showed, to a reasonable degree of medical certainty, that pulling himself up into his truck contributed more than 50% in causing the need for medical treatment for his right shoulder, considering all causes. *Id.* § 50-6-102(12). As the panel-selected physician, Dr. Hutcheson's causation opinion is presumed correct unless rebutted by a preponderance of the evidence. *Id.* § 50-5-102(12)(E).

Dr. Hutcheson diagnosed degenerative conditions and concluded the right-shoulder labrum tear did not primarily arise from the alleged work injury. Mr. Pinkham presented no proof to rebut the presumption.

Therefore, the Court finds that Mr. Pinkham is unlikely to prevail at a hearing on the merits in his request for a second opinion or appointment of a neutral physician.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court denies Mr. Pinkham's request for benefits.

2. This case is set for a Status Hearing on **Monday, May 4, 2026, at 2:00 p.m. Eastern Time**. The parties must call (423) 634-0164 or (855) 383-0001. Failure to call may result in a determination of the issues without the party's participation.

---

[1] The medical records do not address either surgery or a discharge from treatment.

2

**ENTERED February 26, 2026.**


_Audrey Headrick_
**JUDGE AUDREY A. HEADRICK**
**Court of Workers' Compensation Claims**


## APPENDIX

Exhibits:
1. Affidavit of Mr. Pinkham
2. Medical records of Dr. Hutcheson
3. Dr. Hutcheson's questionnaire responses to November 21, 2025 letter
4. Dr. Hutcheson's questionnaire responses to January 30, 2026 letter

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on February 26, 2026.

| Name | US Mail | Email | Service sent to: |
|---|---|---|---|
| Michael A. Wagner, Employee's Attorney | | X | maw@wagnerinjury.com |
| David Hatfield, Employer's Attorney | | X | dhatfield@gdhatfieldlaw.com |

/s/ Penny Shrum          w/permission JD

Penny Shrum, Court Clerk
**WC.CourtClerk@tn.gov**

4



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*